IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3198-FL

| | | |
|---|---|---|
| ANTHONY B. BOWDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHARLOTTE A. EVANS and PETER | ) | |
| B. WOGLOM, Physician Assistant, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion for summary judgment limited to failure to exhaust administrative remedies and in the alternative motion to dismiss (DE 55). The motion has been fully briefed and thus the issues raised are ripe for ruling. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**STATEMENT OF THE CASE**

On August 4, 2016, plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks compensatory and punitive damages and an injunction directing prison medical staff to refer him to a dermatologist.

On April 5, 2017, plaintiff filed his first amended complaint. On April 12, 2017, the court conducted its frivolity review of the amended complaint and allowed the matter to proceed as to

---

[1]The court dismissed previously-named defendants Bertie Correctional Institution, Medical Department, Caledonia Correctional Institution, and Caroline Riddick-Taylor in separate orders. (DE 17, 54).

plaintiff's claims against defendants Evans and Woglom, but dismissed plaintiff's claims against previously-named defendants Bertie Correctional Institution and the medical department. On June 28, 2017, plaintiff filed motion to appoint counsel, which the court subsequently denied.

Defendants filed initial motion for summary judgment or in the alternative motion to dismiss on September 5, 2017. Three days later, plaintiff filed motion to amend the complaint. On February 2, 2018, the court entered order granting the motion to amend, directing plaintiff to file a second amended complaint, and denying the pending motion for summary judgment or in the alternative motion to dismiss as moot. Plaintiff filed second amended complaint on February 14, 2018.

On April 17, 2018, the court conducted its frivolity of the second amended complaint, and directed plaintiff to file third amended complaint particularizing his claims. Plaintiff filed the operative third amended complaint ("complaint")[2] on April 25, 2018. The court conducted its frivolity review of the third amended complaint on May 2, 2018, and allowed the matter to proceed as to defendants Evans and Woglom but dismissed plaintiff's claims against previously-named defendants Caroline Riddick-Taylor and Caledonia Correctional Institution.

On May 23, 2018, defendants Evans and Woglom filed the instant motion for summary judgment (limited to failure to exhaust administrative remedies) and in the alternative motion to dismiss, supported by statement of material facts, memorandum of law, and appendix. Defendants' appendix includes affidavit of non-party Kimberly Grande and plaintiff's administrative grievance records. Defendants' motion also relies on previously-filed affidavit of non-party Finesse Couch and additional grievance records attached thereto.

---

[2] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to plaintiff's third amended complaint filed April 25, 2018, (DE 53), unless otherwise specified.

2

Plaintiff filed response to the instant motion on March 15, 2019, supported by statement of material facts, memorandum of law, and appendix including administrative grievance records, defendants' objections to plaintiff's discovery requests, and plaintiff's personal declaration. Defendants filed reply if further support of the motion on March 26, 2019.

## STATEMENT OF FACTS

The factual allegations in plaintiff's complaint are set forth below:

> Peter B. Woglom P.A. kept refus[ing] me the right medication for my skin condition, each time I put in sick call after sick call. Then P.A. Woglom refus[ed] to report my condition to Dr. Charlotte A. Evans. On one occasion I kept asking [to see Dr.] Charlotte A. Evans. Then Dr. Evans refus[ed] to see me on several occasions when I requested.
>
> Therefore pursuant to the second facts of continual [sic], Peter B. Woglom kept refus[ing] me the right medication for my skin condition, each time I put in sick call after sick call. Then P.A. Woglom refused to report my condition to Dr. Evans. On one occasion I kept asking for . . . Dr. Evans. The[n] Dr. Evans refus[ed] to see me on several occasions when I requested. Then Dr. Evans took all my medication except a small thing of hydrocerin cream.

(Compl. (DE 53) § V).

## DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, the plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).  "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

4

for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90. .

B. Analysis

1. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[]

the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008).

Here, defendants admit plaintiff exhausted his December 28, 2015, grievance. (Pl.'s Mem. (DE 56) at 12; Dec. 28, 2015, Grievance (DE 37-3)). Plaintiff's December 28, 2015, grievance requested that prison officials refer him to a specialist because the medication defendant Woglom had prescribed for his skin condition was not working. (Dec. 28, 2015 Grievance (DE 37-3) at 2).[3] The grievance examiners interpreted plaintiff's grievance as alleging "inadequate medical care for his skin complaint" and resolved the grievance by confirming that defendant Woglom was providing plaintiff treatment for his skin condition. (Id. at 3-5). Where plaintiff's instant complaint alleges defendant Woglom and others provided inadequate medical treatment for his skin condition, the court concludes the December 28, 2015, grievance sufficiently "alert[ed] the prison to the nature of the wrong for which redress is sought" in the instant lawsuit. Wilcox, 877 F.3d at 167 n.4.

Additionally, plaintiff is not required to name the instant defendants in his grievance to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 217-18 (2007). Plaintiff's failure to name defendant Evans in the grievance therefore does not render his claims against her unexhausted. See Moore, 517 F.3d at 726 (holding grievance need only allege inadequate medical care for a specific medical condition and does not need to name the prison officials responsible for the denial of care). Accordingly, defendant's motion for summary judgment is denied.

---

[3]Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

2.     Motion to Dismiss - Individual Capacity Claims

Plaintiff alleges defendants failed to provide constitutionally adequate medical care in violation of the Eighth Amendment. "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To state a claim for deliberate indifference to serious medical needs, plaintiff must allege that he is suffering from a serious medical need, and that prison officials knew of and disregarded that condition. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994). Medical malpractice or disagreement between an inmate and a healthcare provider over treatment generally is not sufficient to establish deliberate indifference. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Defendants argue plaintiff's factual allegations establish at most disagreement between plaintiff and defendants about the appropriate course of treatment, which does not state a claim for deliberate indifference. The court disagrees. Viewed in the light most favorable to plaintiff, the complaint alleges plaintiff repeatedly informed defendants the medication for his skin condition was not working, and they ignored his requests for assistance. While it is true defendant Woglom provided some medical care for plaintiff's skin condition, "a total deprivation of care is not a necessary condition for finding a constitutional violation: Grossly incompetent or inadequate care can also constitute deliberate indifference . . . ." De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) (quoting Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010)).

Defendant Evans also asserts that plaintiff's allegations that she "refused" to see him cannot state a claim for deliberate indifference because such allegations fail to establish defendant Evans was aware of his skin condition at the time. But the reasonable inference from plaintiff's allegations

7

is that defendant Evans refused to see plaintiff after he informed her about his medical conditions. (See Compl. (DE 53) § V (alleging medical providers repeatedly refused to treat plaitiff's skin condition and defendant Evans refused his numerous requests to see her); Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); see also Nemet Chevrolet, 591 F.3d at 255 (holding all reasonable inferences must be drawn in plaintiff's favor on a motion to dismiss).

Additionally, defendant Evans' knowledge can be proven by evidence suggesting the risk of harm to plaintiff was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk . . . ." Farmer, 511 U.S. at 842. Plaintiff alleges he repeatedly informed medical staff about his skin condition, but medical personnel failed to treat it. Accordingly, plaintiff may be able to prove defendant Evans's knowledge through circumstantial evidence in his medical records, particularly where defendant Evans appears to be the supervising physician.

Finally, in their reply brief, defendants suggest plaintiff's unidentified skin condition is not a serious medical need under the Eighth Amendment. A serious medical need "is one that has been diagnosed by a physician as mandating treatment . . . ." See Iko, 535 F.3d at 241 (internal quotation omitted). Plaintiff affirmatively alleges that the skin condition required significant medical attention. (Compl. (DE 53) § V). Additionally, the skin condition (eczema) is disclosed in other parts of the record, and thus defendants have sufficient notice of the precise medical condition at issue. (See, e.g., DE 16 § V).

3. Qualified Immunity

Defendants also raise the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when 1) the plaintiff has not demonstrated a violation of a constitutional right, or 2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009).

As set forth above, the court finds plaintiff's allegations are sufficient to state a claim for an Eighth Amendment violation. The right also was clearly established at the time of the relevant conduct: "A prisoner's right to adequate medical care and freedom from deliberate indifference to medical needs has been clearly established by the Supreme Court and this Circuit since at least 1976 . . . ." Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). Accordingly, on this record, defendants are not entitled to qualified immunity. Defendants may raise the defense at subsequent stages of these proceedings when the factual record is more fully developed.

4. Official Capacity Claims

Defendants seek dismissal of plaintiff's official capacity claims to the extent plaintiff is seeking monetary damages. An action by a private party to recover money damages from state officials in their official capacity is effectively a suit against the state and, absent a valid waiver, such actions are barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990). North Carolina has not waived Eleventh Amendment

9

immunity for plaintiff's § 1983 claims. Accordingly, the court grants defendants' motion as to plaintiff's official capacity claims.

5. Injunctive Relief

Defendants request dismissal of plaintiff's claims for injunctive relief because he has been transferred to a new prison and thus is no longer subject to the alleged unconstitutional conditions. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). Plaintiff agrees that his request for injunctive relief is moot. (See Pl.'s Mem. (DE 67) at 27). Thus, the court grants the instant motion as to plaintiff's request for injunctive relief.

6. Punitive Damages

Defendants also seek dismissal of plaintiff's request punitive damages. Defendants, however, do not cite any case law supporting their theory that plaintiff's claim for punitive damages can be dismissed on the pleadings. In the absence of such authority, the motion is denied as to plaintiff's request for punitive damages.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendants' motion for summary judgment or in the alternative motion to dismiss (DE 55). The motion is granted to the extent it seeks dismissal of plaintiff's official capacity claims and plaintiff's request for injunctive relief, and it is denied in all other respects. An initial order will follow.

SO ORDERED, this the 28th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge